

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Jouette M. Bonner
County Attorney
Jack County
Jacksboro, Texas

Dear Sir:

Opinion No. O-7051
Re: Application of Arts.
950 and 951, C.C.P.,
and Art. 335, R.C.S.,
to civil proceedings
under Arts. 666-42
and 666-30, P. C.

We have received your recent request for an opinion on the following matter:

"There have been a number of cases here since I was appointed in March 1945, where there was a conviction, the whiskey is on hand, and as I understand, the Liquor Control Board has promulgated certain rules for the disposition of it, under some section of Art. 666, Penal Code, I do not know just what.

"Under Art. 666-30 it provides for turning over the confiscated whiskey to the Board, but I am advised by some one that in certain instances it is sold in the counties, the expenses paid and proceeds paid over to the Board, the sales being to permittees, only.

"Under Section 44, of above article, on the sale of certain equipment therein referred to, the sheriff is directed to deduct the expenses, only.

"Even if only the property described in above section is sold, I feel the sheriff would be entitled to more than his expenses. Under Art. 951,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Jouette M. Bonner - Page 2

Code of Criminal Procedure, the sheriff or other officer, (with exception) who collects money for the State or county, except jury fees, under any provision of this code, shall be entitled to retain five per cent.

. "Further, under Art. 335, Revised Civil Statutes, the county attorney is entitled to ten per cent of moneys collected, applying to escheat. It seems to me that whiskey so taken, as well as other property, escheats to the state, and if sold, even by the Board, the sheriff and county attorney should not be deprived of the fees as above provided."

Article 666-42, Penal Code, provides as follows:

"(a) All alcoholic beverages declared by this Act to be a nuisance, and all illicit beverages as defined by this Act, may be seized with or without a warrant by an agent or employee of the Texas Liquor Control Board, or by any peace officer, and any person found in the possession or in charge thereof may be arrested without a warrant. No alcoholic beverages or articles so seized shall be replevied, but shall be stored by the Board, or by the sheriff of the county wherein the seizure was made, to be held for final action of the court as hereafter provided.

"(b)It shall be the duty of the Attorney General, the District Attorney, and the County Attorney, or any of them, when notified by the officer making the seizure, or by the Texas Liquor Control Board, that such seizure has been made, to institute a suit for forfeiture of such alcoholic beverages and property, such suit to be brought in the name of the State of Texas in any court of competent jurisdiction in the county wherein such seizure was made. Notice of pendency of such suit shall be served in the manner

prescribed by law and the case shall proceed to
trial as other civil cases. If upon the trial
of such suit it is found that alcoholic beverages
or property are a nuisance or were used or kept
in maintaining a nuisance, under the terms of this
Act, or that the alcoholic beverage is illicit, as
defined by this Act, then the court trying said
cause shall render judgment forfeiting the same to
the State of Texas and ordering the same disposed
of as provided for by Section 30 of this Article.
The costs of such proceedings shall be paid by the
Board, out of funds derived under the provisions
of said Section 30, or from any other fund avail-
able to the Board for such purposes.

"(c) As to any property or articles upon which
there may be a lien, by a bona fide lien holder, the
holder of such may intervene to establish his rights
and shall be required to show such lien to have been
granted in a bona fide manner and without knowledge
of the fact at the time of creation of the lien, that
any article or property upon which such lien exists
had been used or was to be used in violation of this
Act. If the holder of any such lien shall intervene,
then the court trying said cause shall render judg-
ment forfeiting the same to the State of Texas, and
authorizing the issuance of an order of sale directed
to the sheriff or any constable of the county wherein
the property was seized, commanding such officer to
sell said property in the same manner as personal
property is sold under execution. The court may or-
der such property sold in whole or in part as it may
deem proper and the sale shall be conducted at the
courthouse door. The money realized from the sale
of such property shall be applied first to the pay-
ment of the costs of suit and expenses incident to
the sale and after such expenses have been approved
and allowed by the court trying the case, then the
further proceeds of such sale shall be used to pay
all such liens according to priorities, and any re-
maining proceeds shall be paid to the Board to be
allocated as provided in Section 30 hereof. All
such liens against property sold under this Section
shall be transferred from the property to the pro-
ceeds of its sale.

Honorable Jouette M. Bonner - Page 4

"(d) The sheriff executing said sale shall issue a bill of sale or certificate to the purchaser of said property, and such bill of sale or certificate shall convey valid and unimpaired title to such property."

Article 666-30, Penal Code, provides as follows:

"(a) All alcoholic beverages and the containers thereof, equipment, and other property forfeited to the state as nuisance, unless otherwise herein provided, and all illicit beverages and the containers thereof forfeited to the state, shall be turned over to the Board for public or private sale in such place or manner as it may deem best; provided, that the Board shall exercise diligent effort to obtain the best available price for anything thus sold; provided, further, that any bill of sale executed by the Board or Administrator shall convey a good and valid title to the purchaser as to any such property sold. The Board shall sell alcoholic beverages only to the holders of qualified permits or licenses. No alcoholic beverages unfit to be sold for public consumption, or of illicit manufacture, may be sold by the Board, but are declared a nuisance per se and may be destroyed by the Board. The certificate of any qualified chemist shall be accepted by the Board as evidence of unfitness of such alcoholic beverages.

"In the event the United States Government shall provide any plan or method whereby illicit alcoholic beverages and other property belonging to or forfeited to the state as nuisance shall be sold at ceiling prices during a national emergency, the Board shall have the right to comply with Federal law or regulations in the sale or disposal of such illicit alcoholic beverages or other property, even to the extent of partially or wholly abrogating any provisions hereof which may be in conflict with the Federal law or regulations.

Honorable Jouette M. Bonner - Page 5

"(b) All moneys derived from the sale of any beverages or property shall be placed in a seperate fund in the State Treasury to be designated as the Confiscated Liquor Fund. Twenty per centum (20%) of said Confiscated Liquor Fund shall be available to the Board to defray the expenses of purchasing and accumulating evidence as to violations of and for the purpose of enforcing the provisions of this Act and to defray the expenses incurred in assembling, storage, transportation, sale and accounting for such confiscated liquor and property. Any balance remaining in said fund on September 1st of each biennium shall be transferred and deposited in the General Fund of the State of Texas.

"As to liquors confiscated by representatives of the Board, or any peace officer, it shall be incumbent upon the officer making the seizure to list each and every item or items so confiscated and the place and name of owner, operator, or person from whom such seizure is made. Such report shall be made in quadruplicate, two copies of which shall be verified by oath; one verified copy shall be retained in the permanent files of the Liquor Control Board or other agency making the seizure, and one verified copy shall be filed with the Comptroller of the State of Texas, which shall constitute a permanent file, and both of which shall be subject to inspection by any member of the Legislature or any duly authorized law-enforcement agency of the State of Texas, and one copy shall be delivered to the owner, operator, or person from whom such seizure is made. A false statement of said confiscated liquor, beer, wine, or other personal property shall be punishable as now provided for false swearing."

Article 335, Revised Civil Statutes, provides as follows:

"Whenever a district or county attorney has collected money for the State or for any county, he shall within thirty days after receiving the

Honorable Jouette M. Bonner - Page 6

same, pay it into the treasury of the State or
of the county in which it belongs, after de-
ducting therefrom and retaining the commissions
allowed him thereon by law.  Such district or
county attorney shall be entitled to ten per
cent commission on the first thousand dollars
collected by him in any one case for the State
or county from any individual or company, and
five per cent on all sums over one thousand dol-
lars, to be retained out of the money when col-
lected, and he shall also be entitled to retain
the same commissions on all collections made for
the State or for any county.  This article shall
also apply to money realized for the State under
the escheat law."

Article 666-42 makes it the duty of the Attorney
General, the District Attorney, the County Attorney, or any
of them, to institute proceedings for the forfeiture to the
State of all alcoholic beverages declared to be a nuisance
and all illicit beverages.  This article further provides that
the Court's judgment of forfeiture shall order all such bever-
ages "disposed of as provided for by Section 30 of this
article."  Section 30 specifically provides that such bever-
ages be "turned over to the Board" (Liquor Control Board)
for sale.  No other agency is authorized under the Texas Liquor
Control Act, as amended, to sell such beverages forfeited to
the State.

We note your statement to the effect that while Sec-
tion 30 provides for turning confiscated liquor over to the
Board for selling, you have been advised that in certain in-
stances such liquor is sold locally in the counties.  It is
believed that you have reference to the provisions of Sec-
tion 30 as they read prior to amendment by the 48th Legis-
lature in 1943 (Acts 1943, 48th Leg., p. 509, ch. 325, § 6).
Prior to such amendment Article 666-30 provided:

"All contraband alcoholic beverages so seized
shall be turned over to either the sheriff of the
county in which such seizure is made or to any
authorized representative or agent of the Board.

"* * *

"All contraband alcoholic beverages remaining
in the hands of the sheriff shall be sold by him
at public auction to the highest bidder, after

Honorable Jouette M. Bonner - Page 7

due notice of such sale has been posted for
a period of at least ten (10) days, but no
sale of liquor shall be made to any person
unless he is a permittee who is privileged to
have possession thereof. No delivery of liquor
so sold shall be made to any permittee unless
and until the proper State tax stamps have been
purchased and affixed as required by this Act.

*   *   *

"The net proceeds from all sales as pro-
vided in this Section shall be placed in a
separate fund by the Board and may be used from
time to time for defraying such expenses, as
may be necessary, for the investigation of and
obtaining evidence for violations of the pro-
visions of this Act. All money remaining in
said fund on August 31st of each year shall be
deposited with the State Treasurer for the bene-
fit of the General Fund. The fund herein created
is hereby appropriated and shall be independent
of and in addition to any other appropriation
which may be made for the use of the Board."

The procedure thus provided was radically changed
by the 48th Legislature. Under amended Section 30 all sales
of forfeited liquor are made by the Board. Instead of the
"net proceeds" of such sales being placed in a separate fund
for the use of the Board, the current provision of the law is
that:

"All moneys derived from the sale of any
beverages or property shall be placed in a
separate fund in the State Treasury to be
designated as the Confiscated Liquor Fund.
Twenty per centum (20%) of said Confiscated
Liquor Fund shall be available to the Board
to defray the expenses of purchasing and ac-
cumulating evidence as to violations of and
for the purpose of enforcing the provisions
of this Act and to defray the expenses in-
curred in assembling, storage, transportation,

Honorable Jouette M. Bonner - Page 8

sale and accounting for such confiscated
liquor and property.  Any balance remaining
in said fund on September 1st of each biennium
shall be transferred and deposited in the
General Fund of the State of Texas."  (Emphasis
Supplied)

It is true that Section 42 provides with respect
to forfeiture proceedings that,

"The costs of such proceedings shall be
paid by the Board, out of funds derived under
the provisions of said Section 30, or from any
other fund available to the Board for such
purposes."

This provision, however, relates to Court costs,
and not commissions.  Moreover, since the Board is required to
place all moneys in the Treasury, such Court costs may be
paid only on warrants drawn therefor.

The sheriff is entitled to retain none of the pro-
ceeds from the sale of confiscated liquors for several reasons,
the first and foremost being that the sheriff has no authority
under the present state of the law to sell.  Secondly, the
statute specifically provides that all moneys derived from
the sale of beverages shall be placed in a separate fund in
the State Treasury.  We construe the phrase "all moneys" to
mean just what it says; no deductions for commissions are
permissible.  The phrase previously used by the Legislature
was "the net proceeds."  The intention of the Legislature
could hardly be more clearly expressed than by its amend-
ment using the phrase "all moneys" rather than "net proceeds".
Compare opinion No. 0-5334, approved July 23, 1943, a copy
of which is enclosed.  Finally, you are advised that in our
opinion the forfeiture proceedings authorized by Article
666-42, V. A. P. C., are in nature civil, rather than penal,
actions by the very terms of that section.  Articles 950 and
951 of the Code of Criminal Procedure, referred to by you,
relate solely to commissions on criminal fines and forfeitures

Honorable Jouette M. Bonner - Page 9


resulting from criminal prosecutions under the Penal Code and the Code of Criminal Procedure. These statutes do not govern in the instant case. Compare State vs. Moore, 57 Tex. 307.

We are compelled to answer your second question regarding commissions of the County Attorney in the same manner and for the same reasons. In this connection you have called our attention to Article 335, Revised Civil Statutes of Texas, 1925, which provides for commissions to the County Attorney when such officer "has collected money for the State or for any county." In addition to the other reasons given why commissions are not collectible in liquor forfeiture proceedings, you are advised that in our opinion a judgment confiscating unlawful liquor under the Texas Liquor Control Act, which judgment has resulted from a suit instituted by the County Attorney, is not "the collection of money" for the State within the meaning of Article 335. This article has long been interpreted as meaning what it plainly purports; that is, the actual collection of money by an officer named in the article, or the obtaining of a money judgment on which money is collected.

You are, therefore, advised that unlawful liquor confiscated under the Texas Liquor Control Act may be sold only by the Texas Liquor Control Board; and that neither a County Attorney nor a sheriff may collect commissions on such sales.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

James D. Smullen
Assistant

JDS:jt

enclosure

APPROVED FEB 8, 1946
FIRST ASSISTANT
ATTORNEY GENERAL

CONSIDERED AND APPROVED IN LIMITED CONFERENCE